UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONYA M. SHORT,

    Plaintiff,

  v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

CASE NO.: 1:12-CV-94

Barrett, J.
Litkovitz, M.J.

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"). (Doc. 18). The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. (Doc. 18, p. 23); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff has filed objections to the Report, (Doc. 19), Defendant has filed a response in opposition to those objections (Doc. 20), and Plaintiff has filed a reply (Doc. 22).

**I.    BACKGROUND**

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. However, the most basic facts are as follows. Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental insurance income ("SSI") in September 2007, alleging disability since July 1, 2007 due to asthma, depression, diabetes and high blood pressure. (Tr. at 187). Her applications were

1

denied initially and upon reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before the Administrative Law Judge ("ALJ") Larry A. Temin. Following the hearing, the ALJ issued a decision on September 23, 2010 denying Plaintiff's DIB and SSI applications. Plaintiff's request for review by the Appeals Council was denied, making the decision of the ALJ the final administrative decision of the Commissioner.

Plaintiff filed her Complaint in this action on February 1, 2012. (Doc. 1). Her Statement of Specific Errors was filed on June 29, 2012 with the response thereto being filed on August 31, 2012. (Docs. 11, 13). On February 1, 2013, the Magistrate Judge issued her Report recommending that the Commissioner's decision to deny Plaintiff's application for DIB and SSI be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) because the ALJ's weighing of the medical opinions of record and his credibility analysis were not supported by substantial evidence. (*See generally* Doc. 18). Plaintiff does not object to the Magistrate Judge's conclusions as to the lack of substantial evidence supporting the weighing of the medical opinions or the credibility analysis; instead, Plaintiff objects only to the Magistrate Judge's chosen remedy, as Plaintiff contends that the matter should have been reversed and remanded for an immediate award of benefits rather than for further proceedings. (Doc. 19).

## II. ANALYSIS

### A. Standards of Review

When objections are received to a magistrate judge's report and recommendation on a non-dispositive matter, Federal Rule of Civil Procedure 72(a)

provides that a district judge shall consider a party's objections to a magistrate judge's order and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." The clearly erroneous standard mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it "'is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Russell*, 595 F.3d 633, 646 (6th Cir. 2010) (quoting *United States v. Ware*, 282 F.3d 902, 907 (6th Cir. 2002)). "In the absence of clear error, the magistrate [judge]'s order must stand." *Ltd. Brands, Inc. v. F.C. (Flying Cargo) Int'l Transp. Ltd.*, No. C2-04-632, 2007 U.S. Dist. LEXIS 23797, at *3 (S.D. Ohio March 30, 2007) (quoting *Balalovski v. Lucent Technologies, Inc.*, No. 2:00-cv-189, 2003 U.S. Dist. LEXIS 7296, at *11 (S.D. Ohio April 10, 2003)).

On a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. Objections

Under Sentence Four, the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

3

Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  Remand under Sentence Four is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effects of impairments, or failed to make a credibility finding. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

When the court determines that substantial evidence does not support the Commissioner's decision, it "can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176. This entitlement is established if the proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.  *Id.*; *see also Felisky v. Bowen,* 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In the present case, Plaintiff does not dispute the Magistrate Judge's conclusions that (a) the ALJ failed to consider certain evidence and did not follow the agency's own regulations because he failed to give "good reasons" for giving less weight to the treating physicians' opinions, and (b) the ALJ's credibility finding suffered from the same factual errors and incomplete record as the weighing of the medical opinions (*see* Doc. 19; *see also* Doc. 18), which both justify remand in this case, *Faucher*, 17 F.3d at 176. However, Plaintiff contends that all essential factual issues have been resolved, and the evidence is so overwhelming or strong, and evidence to the contrary is lacking, that remand for an immediate award of benefits is proper. (Doc. 19).  For the following reasons, the Court finds that the Magistrate Judge was correct in her recommendation

that the case be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

## First Objection

Despite Plaintiff's first objection that there are no conflicts in the record necessitating remand for further proceedings (Doc. 19, pp. 4-8), the opinion of the Magistrate Judge and the record demonstrate that there are multiple conflicts in the record and issues that remain unresolved relating to the severity of Plaintiff's impairments and her alleged date of onset (*See* Doc. 18, pp. 10-20).  As to the medical records, there is, on one hand, evidence that lends some support to the decision articulated by the ALJ, and on the other hand, evidence that lends some support to the position taken by Plaintiff.  The issue of whether or to what extent that evidence should be credited remains unresolved.

As fully explained by the Magistrate Judge (Doc. 18, pp. 8-20), there is record evidence that shows that the physicians treating Plaintiff between 2007 and 2011 had opined that Plaintiff's physical and mental impairments were more severe than indicated in the opinions of several consultants.  Although the ALJ gave those treating physicians' opinions less weight than the opinions of the consultants, the Magistrate Judge held that the ALJ did not provide "good reasons" in his decision for doing so because multiple factual errors were made in his assessment and clinical records from the Central Clinic relating to her treatment were not requested, obtained or reviewed.  (Doc. 18, pp. 10-15).  As such, there still are factual issues to be resolved with regard to the opinions of the treating physicians, and the Court is unable to determine with certainty what effect, if

5

any, an evaluation of the opinions unmarred by factual error and considered in light of the Central Clinic records would have on the ALJ's determination.

Moreover, there are other unresolved issues as to the medical opinions that may affect the evaluation of the treating physicians' opinions. For example, in a Psychiatric Review Technique and Mental RFC Assessment dated December 31, 2007, a non-examining state agency psychological consultant opined that Plaintiff had MDD recurrent severe with psychotic features and panic disorder with agoraphobia, and rated her functional limitations as mild to moderate. (Tr. at 368-81). He also concluded that Plaintiff had some moderate limitations in her mental capacity. (Tr. at 382-85). While the Magistrate Judge found that the ALJ erred in giving this opinion weight because it was based on an incomplete review of the medical records and issued shortly after Dr. Carrier diagnosed Plaintiff with a mood disorder in October 2007, the Magistrate Judge noted the ALJ could discredit that testimony but had to give sufficient reasons for doing so to "enable the Court to engage in meaningful judicial review." (Doc. 18, p. 20). In other words, the ALJ made factual errors in assessing the December 31, 2007 opinion. As with the treating physicians' opinions, the Court cannot say with certainty what effect, if any, an evaluation of the opinion unmarred by such factual errors would have on the ALJ's determination.

Similarly, there are unresolved issues as to the consistency of the treating physicians' opinions with other record evidence. The December 2006 consultative examination upon which the ALJ relied indicates that the claimant had a Global Assessment Functioning ("GAF") score of 55 for her symptoms, which suggests moderate symptoms or difficulty in social, occupational, or school functioning, and a

6

GAF of 61 for her functional level, which suggests some mild symptoms. (Tr. at 19). That opinion was rendered before the alleged onset date. (*See id.*). Yet, on December 27, 2007, after the alleged onset date, clinical psychologist Dr. Spadafora, who examined Plaintiff at the request of the "Bureau of Disability Determination," opined that Plaintiff had a serious impairment with a GAF rating of 41. (Tr. at 360-66). Although Dr. Spadafora's opinion could lend consistency to the treating physicians' opinions, the ALJ was silent as to his consideration of that opinion. (*See* Doc. 18, p. 18). As the Magistrate Judge noted (Doc. 18, p. 18), it is necessary for the ALJ to explain whether such evidence was discredited or simply ignored and give reasons for the same to allow the subsequent reviewers to engage in a meaningful review of the decision. The record therefore is incomplete in this regard.

Further, the weight to be given to two Physical Residual Functional Capacity Assessments by non-examining state agency consultants that were relied upon by the ALJ as to Plaintiff's physical limitations (*See* Tr. at 20, 405-12, 727-34) may also be subject to reexamination in light of the ALJ's factual errors and his incomplete assessment of the treating physicians' opinions.

The same errors and omissions outlined above also are present with regard to the ALJ's assessment of Plaintiff's credibility, and in particular, the issue of noncompliance as it relates to her credibility. (*See* Doc. 18, pp. 20-21). Therefore, as the Magistrate Judge stated, the ALJ's credibility finding needs to "re-examined in connection with the ALJ's review of the Central Clinic records, Dr. Evans' June 2010 opinion, Dr. Spadafora's examination, Dr. Carrier's 2007 clinic notes, and any further medical evidence submitted on remand." (Doc. 18, p. 21).

For each those reasons, the Court is not satisfied that all essential issues have been resolved and does not find that the record as it now stands establishes overwhelmingly, or strongly without evidence to the contrary, that the Plaintiff is entitled to the requested benefits as of her alleged onset date. *See Karger v. Comm'r of Soc. Sec.*, 414 Fed. App'x 739, 754-55 (6th Cir. 2011) (reversing and remanding for further proceedings where the ALJ did not provide "good reasons" to support his opinions so as to ensure adequate appellate review and enable the claimant to understand the disposition of the case, and holding that under the circumstances it would be rash to simply award benefits).

As to Plaintiff's reference (Doc. 19, p. 8) to the decision in *Johnson v. Commissioner of Social Security*, 652 F.3d 646, 652 (6th Cir. 2011), that decision is distinguishable from the present case. As noted by Plaintiff, the *Johnson* court stated the following:

> We hold that the medical opinion of claimant's treating physician met the requirements of 20 C.F.R. § 404.1527(d)(2) and should have been accorded controlling weight. Normally, we would remand the matter to allow the ALJ to reassess whether claimant is entitled to disability benefits in light of our holding. However, only a limited remand is necessary in this case. At the disability hearing, the ALJ asked the vocational expert whether, if Dr. Rayer-Prince's opinion were credited, there would be work available for claimant. The vocational expert replied that there would not. That being the case, claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(a)(4)(v) ("If you cannot make an adjustment to other work, we will find that you are disabled."). We remand to the Commissioner with instructions that benefits be awarded.

652 F.3d at 652. Plaintiff cites that passage from the opinion to demonstrate the significance of the Vocational Expert's testimony in the present case that Plaintiff would be unable to work if the particular RFC reports that are favorable to Plaintiff are credited. (Doc. 19, pp. 7-8). Nevertheless, before the Court may determine the

8

testimony of the Vocational Expert that is relevant, there must first be a resolution of the issues outlined above. Therefore, unlike in *Johnson*, the Court cannot conclusively determine at this time that the treating physicians' opinions must be accorded controlling weight, and that the testimony of the Vocational Expert to which Plaintiff refers is the relevant testimony for determining Plaintiff's entitlement to benefits as of her alleged date of onset.

For each of the foregoing reasons, Plaintiff's first objection is overruled.

## Second Objection

Plaintiff frames her second objection as additional "comments" regarding the "issues raised by the Magistrate and proposed directions on remand." (Doc. 19, p. 9). The first comment relates to the issue of "noncompliance." (*Id.*) Plaintiff contends that such evidence is relevant only to the extent that the treatment "is clearly expected to restore capacity to engage in SGA or GA" and that there is no evidence in the record that taking her medications as prescribed will restore her working capacity. (Doc. 19, p. 9). The issue of noncompliance arises in this respect because the ALJ gave less weight to the opinions of the treating physicians, in part, because they did not "satisfactorily" address noncompliance in rendering their opinions. (*See* Tr. 21). The specific issue the ALJ raised was related to Dr. Carrier's statement that Plaintiff is "'unable to mentally take her prescribed medications due to an abnormal thought process.'" (Tr. 21) (citing Exhibit 6F). The Magistrate Judge concluded that the ALJ did not give "good cause" for giving less weight to their opinions in light of the ALJ's failure to cite medical opinions or evidence contradicting the treatment physician's statement that her inability to take her medicines was due to "abnormal thought process" or to cite to supporting evidence of

noncompliance in 2008, 2009 or 2010. (Doc. 18, pp. 16-17). The Magistrate Judge subsequently recommended that upon remand the ALJ consider the issue of whether Plaintiff's noncompliance with prescribed treatment and medication regimen is a manifestation of mental impairments in accordance with Social Security regulations and Social Security Ruling ("SSR") 82-59. (Doc. 18, p. 21). However, that issue is limited to evaluating the weight to give the opinions of the treating physicians and does not directly address whether such noncompliance would allow Plaintiff to restore her work capacity. Plaintiff's objection, on the other hand, goes beyond what the ALJ appears to address in his decision and does not necessitate a finding that SSR 82-59 cannot be applicable such that a remand for immediate benefits is appropriate. Specifically, the consideration under SSR 82-59 to which Plaintiff refers is triggered upon a finding of disabling impairment, which was not made by the ALJ. SSR 82-59 ("Individuals with a *disabling impairment*, which is amendable to treatment that could be expected to restore their ability to work must follow the prescribed treatment to be found under a disability, unless there is a justifiable cause for the failure to follow such treatment"); *see also Baker v. Astrue*, No. 3:09-cv-405, 2010 U.S. Dist. LEXIS 43585, at *13 (S.D. Ohio Apr. 15, 2010), *aff'd*, 2010 U.S. Dist. LEXIS 43579 (S.D. Ohio May 4, 2010). As such, it is not clear that the ALJ considered, or should have considered, whether evidence exists as to whether Plaintiff's ability to work could be restored by her compliance. In that respect, and given that additional evidence may be reviewed and evaluated on remand due to the unresolved issues and factual errors found to exist, the Court finds that it would be premature to make a determination on its own accord that no such evidence exists at this time as to the ability of the medicine to restore Plaintiff's ability to work or

10

as to the relevance of any such evidence that exists. Accordingly, the record on this issue does not demonstrate that proof of disability is strong and opposing evidence is lacking in substance such that benefits should immediately be awarded upon remand.

Plaintiff further contends that the issue of noncompliance in the realm of "credibility" is a non-starter because of the "the treating psychiatrists complete and detailed support of plaintiff's description of her mental symptoms and their severity." (Doc. 19, p. 10). On this issue, the Magistrate Judge concluded that the medical records upon which the ALJ relied are incomplete (in the absence of Central Clinic records) and were, in parts, not discussed such that they are subject to reexamination. (*Id.*) Having reviewed the record, the Court agrees with the Magistrate Judge's reasons for finding that re-examination of this issue is necessary on remand. Further, although Plaintiff appears to contend that all of the factual issues are resolved as to this issue, noncompliance was only one of the reasons that the ALJ relied upon in support of his credibility determination (*see* Tr. at 18-19). As such, even if Plaintiff's noncompliance was a non-starter in terms of credibility as Plaintiff suggests, the ALJ would have to determine what impact that has on Plaintiff's overall credibility. It does not make the evidence so overwhelming or strong at this time to require a remand for an immediate award of benefits.

Turning to Plaintiff's second comment, she contends that she has adequately established disability on the date of onset as evidenced by the medical reports of Drs. Ireton, Carrier and Evans, the consultative examination report of Dr. Spadafora, and Plaintiff's testimony. (Doc. 19, p. 10). However, as explained above with regard to the first objection, the evidence on this issue is not overwhelming or strong and is not

without conflict; rather, it is subject to a re-examination due to factual errors and an incomplete record.

In Plaintiff's third comment, she contends that "Plaintiff's credibility and the medical source opinions have been evaluated in the course of this court appeal and at the administrative level and the application of the Sequential Evaluation is a given" such that the "'direction'" is in reality an injunction to do the case over. (Doc. 19, p. 11). However, given the conflicting evidence, the factual errors, the incompleteness of the evidence, and the outstanding issues to be resolved, as explained above, the Court finds it appropriate for the ALJ to review and reassess the credibility of Plaintiff and the medical records and opinions on remand.

Accordingly, Plaintiff's second objection is overruled.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's Objections (Doc. 19) are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 18) in its entirety. Accordingly, it is **ORDERED** that pursuant to Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with the Report (Doc. 18) and this Order and Opinion.

**IT IS SO ORDERED.**

                                                s/ Michael R. Barrett  
                                                Michael R. Barrett, Judge  
                                                United States District Court